```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/2/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

               Plaintiff,

     -against-                   12 Cr. 844 (RWS)

                                    SENTENCING
OMAR APONTE,                       OPINION

               Defendant.

----------------------------------------X

**Sweet, D.J.**

On February 26, 2014, Omar Aponte ("Aponte" or "Defendant") pled guilty to conspiring to distribute and possess with intent to distribute 5 kilograms and more of cocaine.

For the reasons set forth below, Fernandez will be sentenced to 96 months' imprisonment followed by five years' supervised release, subject to the scheduled sentencing hearing on April 14, 2015.  Defendant is also required to pay a special assessment of $100.

**Prior Proceedings**

Defendant was named in a one-count superseding indictment (the "Indictment") filed in the Southern District of

New York.  The first and only count of the Indictment charges
that from about 2011 through November 2012, in the Southern
District of New York and elsewhere, Aponte, and others,
conspired and possessed with intent to distribute 5 kilograms
and more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and
(b)(1)(A) ("Count 1").

     The Indictment further indicates that: as a result of
committing the offense charged in Count 1, Aponte shall forfeit
to the United States any property constituting proceeds from the
offense.  If any of the property subject to forfeiture cannot be
located upon the exercise of due diligence, has been transferred
to a third party, has been placed beyond the Court's
jurisdiction, has been substantially diminished in value, or has
been commingled with other property, it is the intention of the
Government to seek forfeiture of any other property of Defendant
up to the value of the forfeitable property.  See 18 U.S.C.
982(a)(1); 21 U.S.C. § 853.

     On February 26, 2014, Aponte pled guilty to Count 1
pursuant to a plea agreement, which stipulates the following:

     Offense Level
     The Guidelines Manual in effect as of November 1,
     2013 applies.

2

The sentencing guideline applicable to the
offense charged in Count 1 of the Indictment is
U.S.S.G. § 2D1.1.

Pursuant to U.S.S.G. § 2D1.1(c)(1), the base
offense level is 38, because Defendant's offense
involved more than 150 kilograms cocaine.

Pursuant to U.S.S.G. § 2D1.1(b)(16), a decrease
of two levels is warranted because Defendant
appears to meet the criteria set forth in
U.S.S.G. § 5C1.2.

Assuming Defendant clearly demonstrates
acceptance of responsibility, to the satisfaction
of the Government, through his allocution and
subsequent conduct prior to the imposition of
sentence, a two-level reduction will be
warranted, pursuant to U.S.S.G. § 3E1.1(a).
Furthermore, assuming Defendant has accepted
responsibility as described in the previous
sentence, an additional one-level reduction is
warranted, pursuant to U.S.S.G. § 3E1.1(b),
because Defendant gave timely notice of his
intention to enter a plea of guilty, thereby
permitting the Government to avoid preparing for
trial and permitting the Court to allocate its
resources efficiently.

In accordance with the above, the applicable
Guidelines offense level is 33.


Criminal History Category

Based upon the information now available to the
U.S. Attorney's Office (including representations
by the defense), Defendant has no previous
convictions, and is therefore in Criminal History
Category I.


Sentencing Range

Based upon the calculations set forth above,
Defendant's stipulated Guidelines range is 135 to

3

168 months' imprisonment, with a mandatory
minimum term of imprisonment of 120 months.   In
addition, after determining Defendant's ability
to pay, the Court may impose a fine pursuant to
U.S.S.G. § 5E1.2.  At Guidelines level 33, the
applicable fine range is $17,500 to $10,000,000.

The parties agree that neither a downward nor an
upward departure from the Stipulated Guidelines
Range is warranted.  Accordingly, neither party
will seek any departure or adjustment pursuant to
the Guidelines that is not set forth herein.  Nor
will either party suggest that the Probation
Office consider such a departure or adjustment
under the Guidelines, or suggest that the Court
consider any such departure or adjustment.

The parties agree that either party may seek a
sentence outside of the Stipulated Guidelines
Range, suggest that the Probation Office consider
a sentence outside of the Stipulated Guidelines
Range, and suggest that the Court consider a
sentence outside of the Stipulated Guidelines
Range, based upon the factors to be considered in
imposing a sentence pursuant to 18 U.S.C.
3553(a).

Defendant is scheduled to be sentenced on April 14,

2015.

**The Sentencing Framework**

In   accordance  with  the  Supreme  Court's  decision  in

United States v. Booker, 543 U.S. 220 (2005), and the Second

Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d

Cir.  2005),  the  sentence  to  be  imposed  was  reached  through

consideration  of  all  of  the  factors  identified  in  18  U.S.C.

4

§ 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed —

(A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant; and

(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for —

(A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)  any pertinent policy statement . . . [issued by the Sentencing Commission];

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find

all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.  See Crosby, 397 F.3d at 114-15.

**The Defendant**

        The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

        The Court adopts the facts set forth in the PSR with respect to the offense conduct.  These facts are summarized, in brief form, below.

        Between approximately October 2011 and November 2012, Aponte was involved in a conspiracy to transport thousands of kilograms of cocaine from Puerto Rico to New Jersey, for ultimate redistribution in the Southern District of New York and other locations.  Aponte, among others, stayed in an apartment above the warehouse in New Jersey used to break open pallets of wood flooring carrying cocaine that arrive from Puerto Rico.  At the warehouse, Aponte, among others, would remove the cocaine

from the flooring, which flooring would then either be reconstructed or destroyed.

Aponte, along with Eduardo Andino ("Andino"), delivered the cocaine to various individuals. Typically, Andino and Aponte would meet the relevant individual in a public parking lot, take that individual's car back to the warehouse, load it with boxes of cocaine, and then return the car to the individual in the parking lot. According to Nelson Gustavo Colon-Torrez ("Colon-Torrez"), Ricardo Javier Martino-Serrano paid Colon-Torrez $2,000 per kilogram. From that share, Colon-Torrez paid others, including Aponte.

Wilfredo Aquino ("Aquino") was employed by Alfonso Castillo ("Castillo") as a courier and was sent to New Jersey on multiple occasions to pick up Castillo's cocaine from Andino and Aponte. On August 1, 2012, Aquino traveled from the Southern District of New York to New Jersey to pick up 28 kilograms of cocaine from Andino and Aponte. They met in a Burger King parking lot in Bayonne, and Andino and Aponte then brought Aquino's car back to the warehouse to load it with drugs. They returned the drug-filled car to Aquino. Aquino's car was then pulled over by law enforcement, and the 28 kilograms were seized. Shortly thereafter, Andino and Aponte, driving a

Cadillac Escalade and a minivan, respectively, were pulled over. Approximately 20 additional kilograms of cocaine were seized from the Escalade.  The Escalade belonged to another customer, and the seized drugs had just been loaded into it at the warehouse.  Agents obtained consent from Andino to search the warehouse, where they seized approximately 300 kilograms of cocaine as well as many boxes of both intact and hollowed-out bamboo flooring.

For his role in the offense, Aponte is being held accountable for conspiring to distribute more than 450 kilograms of cocaine.

**The Relevant Statutory Provisions**

The minimum term of imprisonment is 10 years and the maximum term of imprisonment is life imprisonment for Count 1. 21 U.S.C. §§ 841(b)(1)(A), 846.  However, because Defendant meets the criteria set forth in 18 U.S.C. §§ 3553(f)(1)-(5), the Court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence.

The Court must impose a term of supervised release of not more than five years for Count 1.  18 U.S.C. §§ 3553(f)(1)-(5), 3583(b)(1); 21 U.S.C. § 841(b)(1)(A).

Defendant is not eligible for probation.  21 U.S.C. § 841(b)(1)(A).

The maximum fine is $10,000,000 for Count 1.  21 U.S.C. § 841(b)(1)(A).  A special assessment of $100 is mandatory pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2014 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 846 offenses is found in U.S.S.G. § 2D1.1 of the guidelines.  That section provides that an offense involving more than 450 kilograms of cocaine has a base offense level of 38.  U.S.S.G. § 2D1.1(c)(1).

U.S.S.G. § 2D1.1(b)(17) provides that if Defendant meets the criteria set forth in subdivisions (1)-(5) of U.S.S.G.

§ 5C1.2 (Limitation on Applicability of Statutory Minimum
Sentences in Certain Cases) the offense level is decreased by
two levels.  As Defendant meets the criteria indicated above, a
two-level decrease is warranted.

Defendant has demonstrated acceptance of
responsibility for the offense and has assisted authorities in
the investigation or prosecution of the Defendant's own
misconduct by notifying authorities of the intention to enter a
plea of guilty.  Accordingly, the offense level is decreased by
three levels.  U.S.S.G. §§ 3E1.1(a) & (b).

Aponte has no known criminal convictions.  Therefore,
Defendant has zero criminal history points and a Criminal
History Category of I.  See U.S.S.G. Chapter 5, Part A.

Based on a total offense level of 33 and Criminal
History Category of I, the guideline range of imprisonment is
135 months to 168 months.

The range for a term of supervised release is two to
five years.  U.S.S.G. §§ 5C1.2 & 5D1.2(a).

Defendant is not eligible for probation.  U.S.S.G. §§ 5B1.1(b)(2).

The fine range for these offenses is $17,500 to $10,000,000.  U.S.S.G. § 5E1.2.

Costs of prosecution shall be imposed on the Defendant, as required by statute.  U.S.S.G. § 5E1.5.  In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6).  These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs.  The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified

11

in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is not warranted in the instant case.

Defendant played a relatively minor role in the conspiracy to distribute cocaine of which he has been convicted. He appears to be devoted to his seven-year-old daughter, with whom he has a strong relationship and whom he supports financially, and also appears to be "extremely remorseful" of and embarrassed by his conduct in the offense.  Due to these reasons, and Defendant's lack of any other criminal conduct, a sentence below Defendant's calculated Guideline range is appropriate.

12

**The Sentence**

For the instant offense, Aponte shall be sentenced to 96 months' imprisonment to be followed by five years' supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug testing within 15 days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer.

(5) Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. Defendant will be required to contribute to

13

the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

(2)  Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.  The search must be conducted at a reasonable time and in a reasonable manner.  Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(3)  Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(4)  Defendant is to be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2.

14

Defendant is ineligible for voluntary surrender.

It is so ordered.

New York, NY
April  /  , 2015

ROBERT W. SWEET
U.S.D.J.